494 NEW–YORK PRACTICE REPORTS.

The People agt. Munro, Sheriff of Onondaga County.

## SUPREME COURT.

### The People agt. James M. Munro, Sheriff of Onondaga County.

On service of an *attachment* for contempt, &c., and the party served, gives a bond with sureties for his *appearance* on the return day of the attachment; it is not absolutely necessary that he be called on the first, or return day, and especially so, if the attachment is not filed on that day; as an appearance, the *second day* is in time for him, and it should also be in time for the plaintiff or party prosecuting the attachment.

The former practice required the defendant to appear on the second non-enumerated day in term. The court does no more than that now, by requiring him to appear on the second day in a special term.

*Yates Special Term, November, 1857.*

Motion by defendant to set aside an order entered at Monroe special term, on the 29th day of September, 1857, defaulting defendant, for not appearing on attachment, and directing that the bond given by the defendant on the service of the attachment, be prosecuted.

On the 24th day of September, 1857, the defendant was arrested by one of the coroners of Onondaga county, by virtue of an attachment, dated August 24th, 1857, returnable at the Monroe special term, on the 4th Monday of September, thereafter, "to answer," as the attachment stated, "certain trespasses and contempts done and committed in our said court, in not returning a certain summons and complaint in a cause in the supreme court, between Joseph Ganson and others, plaintiffs, against Williams E. Morgan and others, defendants."

On the service of the attachment, the defendant entered into a bond with sureties, in the penalty of $200, conditioned for his appearance on the return of the attachment, to answer certain trespasses and contempts, &c., as in the attachment. On the 4th Monday of September, (the 28th,) being the first day of said special term, the defendant appeared by his counsel,

who remained in court until the business of the court for that day was completed, and the court was about to adjourn, whereupon, on motion of defendant's counsel, an order was entered discharging the attachment and cancelling the bond, and discharging the defendant and his sureties from all liabilities on said bond; a certified copy of which order, was on the 1st day of October, 1857, served by mail upon the plaintiff's attorney, and received by him on the third day of the same month. This order, the affidavit of the plaintiff's attorney states, has been set aside on application. On the 29th day of September, being the 2d day of said special term, the plaintiff's attorney caused the defendant to be called, who did not appear, whereupon the order was entered on the same day, which the defendant now asks to have set aside.

The order, after the title of the cause, is as follows: "On reading and filing the attachment issued in this matter, and the certificate of the service thereof, on James M. Munro, sheriff of the county of Onondaga, being in open court called, and the said sheriff making default, it is ordered that the bond returned with said attachment, and now on file in this court, be prosecuted by Joseph Ganson, James M. Beaman, Charles Sillman, James H. Adkins and Byron E. Huntley.

An action has since been commenced upon the bond and is now depending.

GEO. A. KENNEDY, *for defendant.*
S. B. JEWETT, *for plaintiff.*

WELLES, Justice. I am clearly of opinion that the order of the 28th September, granted on the defendant's motion, was irregular. The writ of attachment, although returnable on that day, was not filed until the next day, the 29th.

There was nothing before the court on the 28th, to justify the order then entered, and it has been since properly vacated. The principal question is, whether the order of the 29th September, obtained on motion of the plaintiff, was regular. The Revised Statutes provide that if the defendant, against whom

an attachment shall have been issued and returned served, do not appear on the return day thereof, the court may either award another attachment, or may order the bond taken on the arrest to be prosecuted, or both.  (2 *R. S.* 539, § 27.)

Before the statute, the practice was to give a sheriff a day in term for his appearance subsequent to the return day of the attachment, and that a rule to prosecute the bond, would not be made until the *quarto die post*, the return day of the attachment.  And it was held in an anonymous case, (3 *Wend. R.* 423,) that the statute did not require a departure from that practice.

The practice, where a bond was given on the service of the attachment, was to call the person attached on the return day of the attachment, and if he did not appear, to call him on the next non-enumerated day in term, which would always be at least the *quarto die post*, the return day of the attachment, and if he then failed to appear, the court would order the bond prosecuted if requested.  The reason why nothing could be done after the first and before the fourth day, was, that there was no non-enumerated day until Thursday, which was the 4th day of the term.  What the practice was in the late supreme court, during the period they had semi-monthly and afterwards monthly special terms, I am not advised.  Under the present system, where the attachment is returnable at a special term, and the whole term is made up of non-enumerated days, and is liable not to continue four days, it would be quite inconvenient to continue the former *quarto die post* idea. The former practice required the defendant to appear on the second non-enumerated day in term.  We do no more than that now, by requiring him to appear on the 2d day in a special term.  A question has arisen, whether there should be two calls upon the person attached, or rather that he should be called as well on the first as the second day.  I think, however, that is not necessary to the regularity of the proceedings. He may be called on the first day, and if the defendant appears, well and good, and interrogatories may be at once filed and served.  But it is not, in my opinion, necessary that he be

called the first day, as an appearance the second day is in time for him, and it should also be in time for the plaintiff, or party prosecuting the attachment.

If these views are correct, it follows that the plaintiff is regular in his proceedings. The defendant has sworn to merits, and desires to be let in to purge the contempt for which the attachment was issued.

I shall therefore direct an order to be entered, allowing the defendant to appear upon the attachment at the next special term, to be held in the county of Monroe, after the service of this order and answer, interrogatories to be filed touching the said contempt, upon payment to the plaintiff's attorney of ten dollars costs of the said order of 29th September, and ten dollars costs of opposing this motion, together with the plaintiff's costs of the action on the bond, in case he shall elect to discontinue the same.